IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
At Albuquerque NM

FEB 26 2018

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 16-0849 WJ |
| | ) | |
| **JONAH NEHEMIAH JETER,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **JONAH NEHEMIAH JETER**, and the Defendant's counsel, Assistant Federal Public Defender Alonzo J. Padilla.

### REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

    a.     to plead not guilty, or having already so pleaded, to persist in that plea;

    b.     to have a trial by jury; and

    c.     at a trial:

        1)     to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the Defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count 1 of a

two-count indictment, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being

Felon in Possession of a Firearm and Ammunition.

## SENTENCING

4.      The Defendant understands that the minimum and maximum penalty provided by

law for this offense is:

a.      imprisonment for a period of not more than ten (10) years;

b.      a fine not to exceed the greater of $250,000;

c.      a term of supervised release of not more than three (3) years to follow any
term of imprisonment.   (If the Defendant serves a term of imprisonment,
is then released on supervised release, and violates the conditions of
supervised release, the Defendant's supervised release could be revoked -
even on the last day of the term - and the Defendant could then be -
returned to another period of incarceration and a new term of supervised
release.); and

d.      a mandatory special penalty assessment of $100.00.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that

the Court is required to consider them in determining the sentence it imposes.

2

## ELEMENTS OF THE OFFENSE

6.      If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for violations of the charges listed below:

Count 1: 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being,

| | |
|---|---|
| *First:* | The defendant knowingly possessed a firearm and ammunition; |
| *Second:* | the defendant was convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year, before he possessed a firearm and ammunition; and |
| *Third:* | before the defendant possessed the firearm and ammunition, the firearm or ammunition had moved at some time from one state to another. |

## DEFENDANT'S ADMISSION OF FACTS

7.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

a.   On or about November 17, 2015, in Bernalillo County, in the District of New Mexico, I, Jonah Nehemiah Jeter, having been previously convicted of the felony offense of second degree murder, knowingly possessed in and affecting commerce, a firearm and

3

ammunition: a Glock, model 27, .40 S&W caliber semiautomatic pistol, serial number

BWF515US, and six (6) rounds of .40 S&W caliber, Remington brand ammunition.

Specifically, I possessed the Glock pistol and ammunition when I had it on my person and then

threw it into the yard of a residence in Albuquerque, New Mexico.

        b.  I have been informed that ATF examined the firearm and ammunition and

determined that they both meet the statutory definitions of a firearm and ammunition.  I have

also learned that the firearm was manufactured outside the state of New Mexico and that the

firearm and ammunition therefore had to have been previously shipped or transported in

interstate commerce to be physically present and in my possession on November 17, 2015, in

Bernalillo County, in the District of New Mexico.

    8.      By signing this agreement, the Defendant admits that there is a factual basis for

each element of the crime to which the Defendant is pleading guilty.   The Defendant agrees that

the Court may rely on any of these facts, as well as facts in the presentence report, to determine

the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

    9.      Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as

follows:

        a.      As of the date of this agreement, the Defendant has clearly demonstrated

a recognition and affirmative acceptance of personal responsibility for the

Defendant's criminal conduct.   Consequently, pursuant to USSG §

3E1.1(a), so long as the Defendant continues to accept responsibility for

the Defendant's criminal conduct, the Defendant is entitled to a reduction

4

of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b).

b.    The United States agrees to recommend a sentence at the low end of the applicable sentencing guideline range.

c.    The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report.   Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence.   If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty.   In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

10.    Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

11.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

12.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

13.     The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

14.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.   Furthermore, defendant understands that if the court rejects the plea

agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

### FORFEITURE

15.    The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

      a.   a Glock, model 27, .40 S&W caliber semiautomatic pistol, serial number BWF515US, and

      b.   twenty-two (22) rounds of .40 S&W caliber, Remington brand ammunition.

### WAIVER OF APPEAL RIGHTS

16.    The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law.   In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

### GOVERNMENT'S ADDITIONAL AGREEMENT

17.    Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.      Following sentencing, the United States will move to dismiss Count 2 of

the Indictment.

b.      The United States will not bring additional criminal charges against the

Defendant arising out of the facts forming the basis of the present

indictment.

18.      This agreement is limited to the United States Attorney's Office for the District of

New Mexico and does not bind any other federal, state, or local agencies or prosecuting

authorities.

### VOLUNTARY PLEA

19.      The Defendant agrees and represents that this plea of guilty is freely and

voluntarily made and is not the result of force, threats, or promises (other than the promises set

forth in this agreement and any addenda).   There have been no promises from anyone as to what

sentence the Court will impose.   The Defendant also represents that the Defendant is pleading

guilty because the Defendant is in fact guilty.

### VIOLATION OF PLEA AGREEMENT

20.      The Defendant agrees that if the Defendant violates any provision of this

agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any

crime or offense contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this

prosecution.

8

## SPECIAL ASSESSMENT

21.     At the time of sentencing, the Defendant will tender to the United States District

Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District**

**Court** in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.   This agreement

is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this _26th_ day of February, 2018.

JOHN C. ANDERSON
United States Attorney


DAVID M. WALSH
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274


I have carefully discussed every part of this agreement with my client.   Further, I have
fully advised my client of my client's rights, of possible defenses, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the
consequences of entering into this agreement.   To my knowledge, my client's decision to enter
into this agreement is an informed and voluntary one.


ALONZO J. PADILLA
Attorney for the Defendant


9

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
JONAH NEHEMIAH PETER
Defendant

10